FILED'09 JAN 06 16:29USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILMA LEAH COLE,

        Plaintiff,

v.

ELDER BODY of TUALATIN
KINGDOM HALL JEHOVAH'S
WITNESSES et al.
        Defendants.

Civil No. 08-1401-PK

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Wilma Cole, appearing *pro se*, filed this action against the Elder Body of Tualatin Kingdom Hall Jehovah's Witnesses, the Aloha Kingdom Hall, seven individual members of those congregations, and "District Overseer Triplit." Cole's Complaint appears to arise from decisions to remove her from the congregations named in the Complaint.

    Cole's Motion to Proceed *in forma pauperis* [1] is presently before the court. An examination of the application reveals that Cole is unable to afford the costs of this action. Accordingly, I grant Cole's motion. For the reasons set forth below, however, Cole's Complaint

Page 1 - OPINION AND ORDER

[2] is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h).

## LEGAL STANDARD

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623-624.

## BACKGROUND

Cole's Complaint recites a litany of troubles she has experienced with various members of Jehovah's Witness congregations. Although the Complaint is largely incoherent, it appears that Cole seeks to redress the Tualatin Kingdom Hall's decision to have her "disfellowshipped," and the Aloha Kingdom Hall's decisions to have her "taken out of service" as "not qualified" and, on

Page 2 - OPINION AND ORDER

one occasion, to exclude her for trespassing. It is not clear from the Complaint how the individual defendants participated in these actions. Additionally, the Complaint sets forth several other incidents and problems without any detail regarding the date or the people involved. The complaint does not make any allegations regarding subject matter jurisdiction. It does not cite to any federal law or constitutional provision, nor does it set forth the defendants' states of citizenship. Finally, although the Complaint states that Cole seeks to be reinstated, it does not request any other form of relief.

## DISCUSSION

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir 1991). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states. 28 U.S.C. §§ 1331, 1332.

"Subject matter jurisdiction is fundamental." *Billingsley v. Comm'r of the I.R.S.*, 868 F.2d 1081, 1085 (9th Cir. 1989). The court has a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. *Id.* Thus, if the court determines that subject matter jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

This court does not have federal question jurisdiction based on the facts alleged in the Complaint. The Complaint contains no cause of action arising under, or that contains any reference to, any federal statute or the United States Constitution. I do not construe the Complaint as an action arising from a violation of Cole's First Amendment right to freedom of religion, because she has not alleged any government action that would give rise to such a claim.

This court does not have diversity jurisdiction based on the facts alleged in the Complaint. The Complaint does not indicate the state citizenship of any of the parties. Moreover, the Complaint does not allege that the amount in controversy has been met. When a plaintiff seeks injunctive relief, the amount in controversy is satisfied where either the plaintiff can gain or the defendant can lose the jurisdictional amount. *See In re Ford Motor Company/Citibank (S.D.)*, 264 F.3d 952, 958 (9th Cir. 2001). Here, reinstatement in the congregation, the relief Cole seeks, would not result in her pecuniary gain or the defendant's pecuniary loss.[1]

In summary, Cole's Complaint is deficient in each of the following particulars: 1) the Complaint fails to contain a short and plain statement of the basis for jurisdiction in the district court; 2) the Complaint fails to contain a short and plain statement describing the involvement of each named defendant; 3) the Complaint fails to contain a demand for judgment stating plainly each element of the relief Cole seeks and from which defendants, including a description with specificity of the monetary damages and injunctive relief to which Cole believes she is entitled.

---

[1] The relief plaintiff requests also raises questions regarding the merits of her claims. The First Amendment guarantees that churches have the "power to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Kedroff v. St. Nicholas Cathedral*, 344 U.S. 94, 116 (1952). I do not address the merits, however, because it is clear from the Complaint that the court lacks subject matter jurisdiction.

Page 4 - OPINION AND ORDER

In the event Cole elects to pursue this action, she should first amend her Complaint to cure each of the above-noted deficiencies. As currently drafted, Cole's Complaint does not state a basis for this court's jurisdiction, and the defendants should not be required to expend time and other resources responding to it.

## CONCLUSION

Plaintiff's Motion to Proceed *in forma pauperis* [1] is granted. However, plaintiff's Complaint [2] is dismissed before service of process, and without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h). Plaintiff has thirty days to amend her Complaint in accordance with the requirements addressed above. Failure to do so within thirty days will result in dismissal of her case with prejudice.

Dated this 6 day of January, 2009.

Ancer L. Haggerty
United States District Judge