FILED
JAN 30 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILMA LEAH COLE,   CV. 08-1401-PK

　　　　　　　　　　　　　OPINION AND
　　　　　　　　　　　　　ORDER
　　　　Plaintiff,

v.

ELDER BODY of TUALATIN
KINGDOM HALL JEHOVAH'S
WITNESSES et al.
　　　　Defendants.

---

HAGGERTY, Chief Judge:

　　　　Plaintiff Wilma Cole, appearing pro se, filed this action against the Elder Body of Tualatin Kingdom Hall Jehovah's Witnesses, the Aloha Kingdom Hall, and individual members of those congregations. Cole's complaint appears to arise from her removal from the congregations named in the complaint. For the reasons set forth below, this action is dismissed with prejudice.

Page 1 - OPINION AND ORDER

## LEGAL STANDARD

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction"). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"[F]ederal courts liberally to construe the 'inartful pleading' of pro se litigants." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That is, courts hold pro se pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623-624.

## BACKGROUND

Cole filed her original complaint in this action on December 3, 2008. On January 6, 2009, this court dismissed the action for lack of subject matter jurisdiction. In its ruling, the court set forth the deficiencies in the complaint and granted Cole leave to amend within thirty days to cure those deficiencies.

Cole timely filed her first amended complaint on January 16, 2009. Cole's amended complaint, however, does not correct the deficiencies in her original complaint. The amended

Page 2 - OPINION AND ORDER

complaint consists of more than thirty pages and is entirely incoherent. Like the original complaint, the amended complaint does not make any allegations regarding subject matter jurisdiction. It does not cite to any federal law or constitutional provision, nor does it set forth the defendants' states of citizenship. Finally, although the amended complaint states in several places that Cole seeks to be reinstated as a Jehovah's Witness, it does not request any other form of relief.

## DISCUSSION

The court has a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. *Billingsley v. Comm'r of the I.R.S.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Thus, if the court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction must be based on either a claim involving the Constitution, laws or treaties of the United States, or on diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332.

Here, this court does not have federal subject matter jurisdiction based on the facts alleged in Cole's first amended complaint. The complaint contains no cause of action arising under, or that contains any reference to, any federal statute or the U.S. Constitution, nor does it indicate Cole's or the defendants' state citizenship. Therefore, I must dismiss the action. I also conclude that it is appropriate to dismiss this action with prejudice. Cole's failure to address the deficiencies as set out in my earlier order indicates that further leave to amend would be futile.

Moreover, a court may dismiss a case for the plaintiff's failure to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); *see also Agnew v. Moody*, 330 F.2d 868, 870-871 (9th Cir. 1964). The district court, however, must weigh five factors to

Page 3 - OPINION AND ORDER

determine whether to dismiss a case for failure to comply with a court order, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (internal citations omitted).

Here, Cole's lack of any effort to comply with the court's earlier order is ground for dismissal with prejudice under Federal Rule of Civil Procedure 41(b). *See Agnew*, 330 F.2d at 870; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal citation omitted). Moreover, review of Cole's incomprehensible pleadings takes valuable time away from the other matters on this court's docket. *See Ferdick*, 963 F.2d at 1261. In addition, Cole's failure to comply with the court's earlier order demonstrates that less drastic alternatives to dismissal will prove ineffective. *See Nevijel*, 651 F.2d at 674 ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case.")

## CONCLUSION

This case is dismissed with prejudice for lack of subject matter jurisdiction and for failure to comply with this court's order.

Dated this 30th day of January, 2009.

Ancer L. Haggerty
United States District Judge